NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0013n.06

No. 17-3352

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jan 08, 2018
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| CHARLES CHUBB, JR. | ) |
| | ) |
| Petitioner-Appellant, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| UNITED STATES OF AMERICA | ) COURT FOR THE SOUTHERN |
| | ) DISTRICT OF OHIO |
| Respondent-Appellee. | ) |
| | ) |
| | ) |

Before: SUTTON, KETHLEDGE, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Charles Chubb filed a motion to vacate his sentence under 28 U.S.C. § 2255. The district court denied the motion. Chubb claims that he is entitled to relief based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Because Chubb's motion was untimely, we affirm.

I.

In 1992, a jury found Charles Chubb guilty of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846; possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841; and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). *United States v. Chubb*, 992 F.2d 1217 (6th Cir. 1993) (unpublished table decision). Due to his prior state convictions for attempted robbery and kidnapping, the district court found Chubb to be a career offender under the then-mandatory Sentencing Guidelines and sentenced him to 327 months' imprisonment for the drug convictions,

with a consecutive 60-month sentence for the firearm conviction. *See* U.S.S.G. § 4B1.1 (1991); *United States v. Chubb*, No. CR-2-92-009(1), 2007 WL 3025342, at *1 (S.D. Ohio Oct. 15, 2007).

In June 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act's (ACCA) definition of a "violent felony," 18 U.S.C. § 924(e)(2)(B)(ii), was so vague as to violate the Constitution's guarantee of due process. *Johnson*, 135 S. Ct. at 2563. In December 2015, Chubb filed this § 2255 motion, claiming that *Johnson* entitled him to relief from his designation as a career offender. He argued that because the Sentencing Guidelines' definition of a "crime of violence" contains a residual clause identical to that contained in the ACCA, it too is unconstitutionally vague. He maintained further that his prior state conviction for kidnapping could trigger his designation as a career offender only under the Guidelines' residual clause.[1] *See* U.S.S.G. § 4B1.2(1)(ii) (1991).

The district court denied Chubb's motion, citing *Beckles v. United States*, 137 S. Ct. 886, 890, 896 (2017), which held that the Sentencing Guidelines, as rendered advisory by *United States v. Booker*, 543 U.S. 220, 245 (2005), are not subject to vagueness challenges. Chubb appealed, arguing that *Beckles* does not control because he was sentenced before *Booker*, when the Guidelines were mandatory.

II.

We affirm the district court's judgment that Chubb's motion should be denied, but we do so because the motion was untimely under § 2255(f). To be timely, a § 2255 motion must be filed within one year of the latest of:

---

[1] The United States disputes this claim, arguing that the state kidnapping conviction qualifies as an enumerated offense under U.S.S.G. § 4B1.2. Because we hold that Chubb's motion was untimely, we need not decide this question.

-2-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Chubb asserts that his motion, filed more than two decades after his conviction became final, is timely under § 2255(f)(3) because it was filed within one year of the Supreme Court's decision in *Johnson*.

We recently rejected this argument in *Raybon v. United States*, 867 F.3d 625 (6th Cir. 2017). *Raybon* held that whether *Johnson* applies to the mandatory Guidelines is an "open question," a point it found supported by the majority and concurring opinions in *Beckles. Id.* at 629–30. The right Chubb claims based on *Johnson*, therefore, is not a "'right' that 'has been newly recognized by the Supreme Court' let alone one that was 'made retroactively applicable to cases on collateral review.'" *Id.* at 630 (quoting § 2255(f)(3)). Chubb's motion, then, fails to satisfy the requirements of § 2255(f)(3), as did the petitioner's motion in *Raybon*.[2] *Id.* at 630–31. Chubb does not allege that his motion satisfies any of the other subsections of § 2255(f); accordingly, we find his motion untimely and affirm the judgment of the district court.[3]

---

[2] Chubb argues that this case should be held in abeyance because his counsel says that she "knows" that the petitioner in *Raybon* plans to petition the Supreme Court for a writ of certiorari. We do not think that a sufficient reason to hold this case in abeyance.

[3] The government advances three alternative arguments in support of affirmance, including that Chubb's motion, his fourth filed under § 2255, should be denied under § 2255(h) as an improper successive motion. Because Chubb's motion is untimely under *Raybon* and, therefore, must be denied, we need not consider the government's alternative arguments.