NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0025n.06

No. 17-1354

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 12, 2018
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| ANTHONY MARTELL SANDERS, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: COLE, Chief Judge; SILER and COOK, Circuit Judges.

**SILER**, Circuit Judge. Anthony Martell Sanders, a convicted felon, sold heroin to a confidential source on two occasions in August 2016. Each time, federal agents witnessed Sanders sell the drugs from his vehicle which he then parked in front of a Grand Rapids residence where he stayed several nights each week. *Id.* Agents executed a search warrant for Sanders's vehicle and the residence. In the glove compartment and center console of the vehicle, agents recovered a loaded 9mm pistol along with 9mm ammunition, a key to the residence, and two bags containing marijuana. In the residence, they discovered another 9mm handgun, several rounds of ammunition, heroin, and digital scales. Agents found the handgun in the back bedroom where Sanders slept, and they located the drugs in the kitchen. Sanders admitted to owning the weapons for protection but denied any involvement with the narcotics.

Sanders was indicted on two counts: (1) felon in possession of a firearm in violation of 18 USC § 922(g)(1), and (2) possession of heroin with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and pled guilty to the first count. In exchange, the United States dismissed

the heroin charge. *Id.* The district court sentenced him to a term of 60 months' imprisonment, which was below his Guidelines range of 70-87 months. Sanders now appeals this sentence, claiming that the district court improperly applied a four-level enhancement and based his Guidelines range on the wrong offense level. We reject these arguments and affirm Sanders's sentence.

In determining the Guidelines range, the district court increased the offense level by four because Sanders possessed the firearms in connection with the heroin—another felony offense. *See* USSG § 2K2.1(b)(6)(B). Sanders argues that the district court erred in finding a substantial nexus between his firearms and the heroin. He denies any connection to the heroin discovered at the residence and claims that the government failed to meet its burden of proof that his firearms "facilitated or had the potential of facilitating" the alleged heroin trafficking. Sanders contends that mere proximity is not enough, and that he shared the residence with a roommate whose testimony was unreliable because she had a motive to lie. Lastly, Sanders argues that no heroin was found in his car and that the drugs in the house were of a small quantity consistent with personal use rather than distribution. *Id.* The district court found otherwise, and we review that finding for clear error. *See United States v. Taylor*, 648 F.3d 417, 431-32 (6th Cir. 2011).

Federal agents twice observed Sanders sell heroin from his vehicle. They recovered heroin at Sanders's residence, and they found handguns both in his vehicle and in the residence. Although he denied selling heroin, Sanders admitted to owning both firearms prior to the dates when the drug sales were observed. "[A] sufficient connection is established if it reasonably appears that the firearms found on the premises controlled or owned by a defendant and in his actual or constructive possession are to be used to protect the drugs or otherwise facilitate a drug transaction." *United States v. Ennenga*, 263 F.3d 499, 503 (6th Cir. 2001). To convict Sanders

on the heroin charge, the government would have needed to prove drug distribution beyond a reasonable doubt. By contrast, at sentencing, a district court only needs a preponderance of the evidence. "It makes no difference what crime [a] defendant was initially charged with, or whether he was convicted of that crime." *United States v. Suggs*, 423 F. App'x 502, 505 (6th Cir. 2011) (citing USSG § 2K2.1 n.14(C)). As we have held, "the § 2K2.1(b)(6)(B) enhancement applies whenever a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia . . . such an expansive interpretation [] does not require that the gun be used by a dealer to sell drugs." *United States v. Sweet*, 776 F.3d 447, 450 (6th Cir. 2015). Therefore, the district court properly applied the four-level enhancement under USSG § 2K2.1(b)(6)(B).

Sanders also argues that the district court miscalculated his base offense level when it classified his 2011 Michigan assault conviction as a crime of violence. Sanders was previously convicted of violating Mich. Comp. Laws § 750.84, assault with intent to do great bodily harm less than murder. At sentencing in this case, the district court held that M.C.L. § 750.84 was a crime of violence. And, under USSG § 2K2.1(a)(3), the base offense level is 22 for a defendant who unlawfully possesses a semiautomatic firearm capable of accepting a large capacity magazine—as Sanders did—"subsequent to sustaining one felony conviction of … a crime of violence." Since the time of sentencing in this case, we have expressly held that M.C.L § 750.84 qualifies categorically as a crime of violence for sentencing purposes. *See Raybon v. United States*, 867 F.3d 625 (6th Cir. 2017). Accordingly, the district court properly calculated Sanders's base offense level when it applied USSG § 2K2.1(a)(3) in light of his 2011 Michigan conviction for assault.

**AFFIRMED**.