NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0066n.06

No. 17-5500

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

KEITH WALKER,                                  )
                                               )        **FILED**
    Petitioner-Appellant,                      )        Feb 07, 2018
                                               )        DEBORAH S. HUNT, Clerk
                                               )
v.                                             )        ON APPEAL FROM THE
                                               )        UNITED STATES DISTRICT
UNITED STATES OF AMERICA,                      )        COURT FOR THE WESTERN
                                               )        DISTRICT OF TENNESSEE
    Respondent-Appellee.                       )
                                               )
                                               )

Before: BOGGS, CLAY, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Keith Walker challenges under 28 U.S.C. § 2255 a prison sentence he received just over 20 years ago. He was sentenced under the "residual clause" of the then-mandatory Sentencing Guidelines, which required higher sentences for defendants with at least two prior convictions for crimes involving "conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(1)(ii) (1995). In *Johnson v. United States*, the Supreme Court found unconstitutionally vague an identically worded clause in the Armed Career Criminal Act. 135 S. Ct. 2551, 2557 (2015). Walker argues that sentences decided under the Guidelines' residual clause when that clause was still mandatory—*i.e.*, as binding on courts as the Armed Career Criminal Act—are likewise unconstitutional under *Johnson*.

That argument comes to us in the context of a § 2255 motion, so Walker's motion is untimely unless *Johnson* recognized a new right that applies retroactively to him on collateral

review. *See* 28 U.S.C. § 2255(f)(3). The problem, then, is that *Johnson* dealt only with the Armed Career Criminal Act, not with the Guidelines. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). That leaves defendants sentenced under the Guidelines' residual clause—even when that clause was mandatory—without "a 'right' that 'has been newly recognized by the Supreme Court' let alone one that was 'made retroactively applicable to cases on collateral review.'" *Raybon v. United States*, 867 F.3d 625, 630 (6th Cir. 2017) (quoting § 2255(f)(3)).

We acknowledge the irony that a defendant in a similar position to that of the defendant in *Johnson* seems unable even to seek the same relief. But the fact of the matter is that Walker can seek relief under § 2255(f)(3) only if the Supreme Court recognizes a new right that applies retroactively to him. And per *Raybon* the Court has not yet done so.

The district court's judgment is affirmed.