NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0095n.06

No. 17-3288

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

SYLVESTER COWAN )
)
    Petitioner-Appellant, )
)
v. )
)
UNITED STATES OF AMERICA, )
)
    Respondent-Appellee. )
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE
SOUTHERN DISTRICT OF
OHIO

BEFORE:     BOGGS, BATCHELDER, and THAPAR, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge**.  Sylvester Cowan appeals the district

court's dismissal of his collateral attack on his 2003 sentence for federal bank-robbery offenses.

The sentencing court arrived at Cowan's sentence after finding that both Cowan's four instant

offenses and at least two prior offenses qualified as "crimes of violence."  Cowan was adjudged

a career offender under the career-offender provision of the then-mandatory Sentencing

Guidelines.  After having served nearly fourteen years of his sentence, Cowan challenges his

sentence under 28 U.S.C. § 2255 on the grounds that the Supreme Court's decision in *Johnson v.*

*United States*, 135 S. Ct. 2551 (2015) renders his current sentence unlawful and entitles him to

resentencing.

As a threshold matter, 28 U.S.C. § 2255(f) requires that collateral attacks be timely.  To

satisfy this requirement, Cowan must have filed his claim within one year, running from, as

relevant here, "the date on which the right asserted was initially recognized by the Supreme

Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Cowan filed his claim on June 9, 2016—within one year of the Supreme Court's decision in *Johnson*. His motion for relief, however, remains untimely under § 2255(f)(3) because this circuit has explicitly held that *Johnson* did not recognize a right that applies to Cowan's situation—a sentence under the pre-*Booker* Sentencing Guidelines. In *Raybon v. United States*, 867 F.3d 625 (6th Cir. 2017), we held that a *Johnson*-based collateral attack of a pre-*Booker* sentence was untimely "because the Supreme Court has not decided whether the residual clause of the mandatory Sentencing Guidelines is unconstitutionally vague." *Id*. at 630-31 (citation and alteration omitted)).

Cowan acknowledges *Raybon* but argues that it was wrongly decided. Whatever merits Cowan's argument may have, it cannot prevail before this panel because "only the en banc process, a material intervening Supreme Court decision, or a relevant change to the Guidelines permits us to override binding circuit precedent." *United States v. Verwiebe*, 874 F.3d 258, 262 (6th Cir. 2017). None of these bases for deviating from binding circuit precedent is available here. *See e.g., Gipson v. United States*, No. 17-5333, 2018 WL 739382, at *1 (6th Cir. Feb. 7, 2018).

Accordingly, we affirm the judgment of the district court.