NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0102n.06

No. 17-5789

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
March 1, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| RUSSELL L. SUBLETT, | ) | WESTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE:    DAUGHTREY, GIBBONS, WHITE, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge.    Defendant Russell Sublett was convicted of numerous violent felonies and firearms offenses and was sentenced to serve 1,680 months (140 years) in prison.  He now appeals, arguing that his sentence is improper because the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), by analogy, rendered unconstitutional the residual clause of the career-offender provisions of the United States Sentencing Guidelines under which his sentence was calculated.  We find no merit to Sublett's contention and affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In Sublett's prior appeal to this court, we summarized the relevant facts and procedural history to that point in the litigation as follows:

Sublett engaged in a multi-day stand-off at the house of his former employer, during which Sublett shot numerous times at state and federal law enforcement

officers. As a result of his actions, Sublett was charged with seven counts of attempted murder of federal officers engaged in their official duties or persons assisting those federal officers in violation of 18 U.S.C. § 1114; one count of carjacking in violation of 18 U.S.C. § 2119; eight counts of using, carrying, brandishing, and discharging firearms during, and in relation to, the attempted murders and carjacking in violation of 18 U.S.C. § 924(c)(1)(A)(iii); one count of possessing a sawed-off shotgun in violation of 26 U.S.C. §§ 5861(d) and 5871; one count of being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1); and one count of possessing firearms while subject to a domestic violence order in violation of 18 U.S.C. §§ 922(g)(8) and 924(e)(1). Sublett pleaded guilty to being a felon in possession of firearms and possessing firearms while subject to a domestic violence order. He proceeded to trial on the remaining charges. Sublett was acquitted of two of the attempted murder counts, three of the § 924(c) counts, and the sawed-off shotgun count. He was convicted of five of the attempted murder counts, five of the § 924(c) counts, and the carjacking count. Sublett was sentenced to a total of 140 years of imprisonment and three years of supervised release.

*United States v. Sublett*, No. 07-5668, at 1–2 (6th Cir. Jul. 22, 2008) (order). When sentencing Sublett in 2007, the district court referenced both the provisions of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), and the career-offender provisions of § 4B1.1 of the Guidelines. In doing so, however, the district court applied the career-offender provisions of the *2003* Guidelines because use of the 2007 Guidelines "in effect on the date the defendant [was] sentenced would [have] violate[d] the 'ex post facto clause' of the U.S. Constitution." On appeal, we affirmed the judgment of the district court.

In the aftermath of the Supreme Court decisions in *Johnson* (holding unconstitutionally vague the provisions of the "residual clause" of the ACCA) and *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016) (holding *Johnson* retroactively applicable to cases on collateral review), Sublett filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct that portion of his sentence that was enhanced by reference to prior convictions that no longer can be considered "violent felonies." A magistrate judge recommended granting that motion, and the district court

adopted the recommendation, vacated the sentences imposed for two of Sublett's convictions, and set the matter for resentencing.

In June 2017, the district court conducted a second sentencing hearing and again relied upon the 2003 version of the Sentencing Guidelines when determining the appropriate punishment to be imposed upon Sublett. Although the district court agreed with Sublett that he no longer qualified as an armed career criminal—and thus was entitled to a reduction in his sentence for the illegal-gun-possession crimes from 180 months to 120 months—the court concluded that Sublett still was a career offender under § 4B1.1(a) of the Guidelines. The district court thus once again concluded that, even with the reduction in sentence for the illegal-gun-possession crimes, an effective prison sentence of 1,680 months was "sufficient, but not greater than necessary, to comply with the purposes of sentencing." From that 2017 determination, Sublett now appeals.

**DISCUSSION**

On appeal, Sublett argues that the district court erred in referencing the career-offender provisions of § 4B1.1 of the Guidelines when resentencing him because the definition of a "crime of violence" contained in the former version of § 4B1.2(a)(2) of the Guidelines included a residual clause identical to the residual clause of the ACCA that was found to be void for vagueness in *Johnson*. In making that argument, Sublett acknowledges, as he must, that the Supreme Court's subsequent decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), held that, because "the *advisory* Guidelines do not fix the permissible range of sentences," *id.* at 892 (emphasis added), and because "they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range," *id.*, "the *advisory* Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that

§ 4B1.2(a)'s residual clause is not void for vagueness." *Id.* at 895 (emphasis added). Sublett contends, however, that he was sentenced—both in 2007 and in 2017—under what were considered *mandatory* Guidelines and that *Beckles* did not address potential due process problems posed by versions of the Guidelines that were considered mandatory.

It is true that the majority opinion in *Beckles* scrupulously limited its discussion to the advisory Guidelines mandated by the Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Furthermore, in her concurring opinion in *Beckles*, Justice Sotomayor specifically stated, "The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in [*Booker*] may mount vagueness attacks on their sentences." *Beckles*, 137 S. Ct. 903 n.4 (Sotomayor, J., concurring). Citing that concurrence, we also have recognized that "whether [*Johnson*] applies to the *mandatory* guidelines . . . is an open question." *Raybon v. United States*, 867 F.3d 625, 629 (6th Cir. 2017) (emphasis added).

Into that breach ventures Sublett, arguing that, because the district court in this case sentenced him using the pre-*Booker*, mandatory 2003 Guidelines, he should be able to take advantage of the relief offered by *Johnson*. As already noted, the district court indeed did reference the 2003 Guidelines when sentencing, and then resentencing, Sublett; however, the district court opted for use of those Guidelines only because of the *ex post facto* problem posed by application of the 2007 version of the Guidelines. Moreover, even though the district court relied upon the substantive provisions of the pre-*Booker* Guidelines, it made clear during both the 2007 and 2017 sentencing proceedings that it was treating those Guidelines as advisory only. During the 2007 hearing, for example, not only did Sublett's own attorney refer to a "[G]uideline[s] sentence, *which is only advisory*," but the district court, on seven separate

occasions, referred to the "advisory" Guidelines and twice stated that it based its sentencing decision on consideration of the "advisory [G]uidelines." (Emphasis added.) During the 2017 resentencing hearing, the district court referred to the Guidelines as being advisory six more times, including beginning its explanation of its sentencing decision with the phrase, "The Court, having considered the advisory [S]entencing [G]uidelines . . . ."

Both Sublett's 2007 sentencing and his 2017 resentencing occurred after the Supreme Court's *Booker* decision that directed district courts to treat the Sentencing Guidelines as advisory only. Even though *ex post facto* considerations forced the district court to apply pre-*Booker* Guidelines, the district court clearly and unambiguously indicated that it viewed those Guidelines provisions as advisory, not mandatory. As a result, the rulings in *Beckles* and *Raybon* dictate that the protections afforded by *Johnson* to defendants sentenced under the ACCA's residual clause cannot be extended to Sublett, who was sentenced as a career offender under an advisory Guidelines scheme.

## CONCLUSION

We thus **AFFIRM** the judgment of the district court.