NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0388n.06

No. 17-3976

| | | |
|---|---|---|
| **UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT** | | **FILED**<br>Aug 03, 2018<br>DEBORAH S. HUNT, Clerk |

CHRISTOPHER L. PROWELL,               )
                                      )
        Petitioner-Appellant,         )        ON  APPEAL  FROM  THE
                                      )        UNITED  STATES  DISTRICT
v.                                    )        COURT     FOR     THE
                                      )        NORTHERN  DISTRICT  OF
UNITED STATES OF AMERICA,             )        OHIO
                                      )
        Respondent-Appellee.          )                 OPINION
                                      )

**BEFORE:    COOK, STRANCH, and NALBANDIAN, Circuit Judges.**

**JANE B. STRANCH, Circuit Judge.** Christopher Prowell appeals the district court's denial of his motion for resentencing brought pursuant to 28 U.S.C. § 2255. Because the relief sought by Prowell is foreclosed by published circuit precedent, we **AFFIRM**.

## I.    BACKGROUND

In 1999, Christopher Prowell pled guilty to six counts of bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and one count of brandishing a firearm in commission of an armed bank robbery, in violation of 18 U.S.C. § 924(c)(1). Prowell was designated a career offender based, in part, on a 1994 Alabama conviction for third-degree burglary, which at that time constituted a crime of violence. As a result, he received an enhanced sentence of 272 months of imprisonment under then mandatory Guidelines.

In 2016, Prowell moved to vacate his sentence under 28 U.S.C. § 2255. He argued that his Alabama burglary conviction was no longer a crime of violence in light of *Johnson v. United*

*States*, 135 S. Ct. 2551, 2557 (2015), which held that the "residual clause" of the Armed Career Criminal Act (ACCA) was unconstitutionally vague. Citing our decision in *Raybon v. United States*, 867 F.3d 625 (6th Cir. 2017), the district court denied Prowell's § 2255 motion, holding that it was untimely. The district court granted Prowell's motion for a certificate of appealability and this appeal followed.

## II.    ANALYSIS

### A.    Standard of Review

 "On appeal from the denial of a § 2255 motion, we review legal conclusions de novo and factual findings for clear error." *Howard v. United States*, 743 F.3d 459, 463 (6th Cir. 2014) (quoting *Regaldo v. United States*, 334 F.3d 520, 523–24 (6th Cir. 2003)).

### B.    Prowell's § 2255 Motion

Section 2255 motions must be filed within one year of final judgment, or as is relevant here, within one year of a Supreme Court decision recognizing the right asserted and making it retroactively applicable to cases on collateral review. 28 U.S.C § 2255(f)(1), (3). Prowell argues that his § 2255 motion is timely because it was filed within one year of the Supreme Court's decision in *Johnson*. This case requires that we determine the filing deadline applicable to Prowell's motion.

The governing law begins with the Supreme Court's 2015 decision in *Johnson*. For a brief period of time, the law of this circuit held that the identically worded provision of the Guidelines' residual clause was also unconstitutionally vague. *United States v. Pawlak*, 822 F.3d 902, 903 (6th Cir. 2016). In *Beckles v. United States*, 137 S. Ct. 886, 890 (2017), however, the Supreme Court held that the *advisory* sentencing Guidelines are not subject to a void for vagueness challenge.

Because he was sentenced prior to *United States v. Booker*, 543 U.S. 220 (2005), and was therefore subject to a mandatory Guidelines sentence, Prowell argues that his challenge is not foreclosed by *Beckles*. *See Beckles*, 137 S. Ct. at 895 ("[W]e hold that the *advisory* Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." (emphasis added)); *id.* at 903 n.4 (Sotomayor, J. concurring) ("The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in *United States v. Booker* . . . may mount vagueness attacks on their sentences."). If the mandatory sentencing Guidelines are subject to void for vagueness challenges, Prowell argues, then the residual clause of the mandatory Guidelines is unconstitutional for the same reasons articulated in *Johnson*. Prowell also notes that the Eleventh Circuit has held that his third-degree burglary conviction does not constitute a crime of violence under any of the ACCA's crime of violence provisions. *Mays v. United States*, 817 F.3d 728 (11th Cir. 2016); *United States v. Howard*, 742 F.3d 1334 (11th Cir. 2014).

Prowell's argument runs headlong into our published precedent. As he acknowledges, our decision in *Raybon* considered and rejected precisely this challenge. 867 F.3d at 630. There, we reasoned that because it is an "open question" whether a petitioner may mount a *Johnson* challenge to a sentence imposed under the mandatory Guidelines, there has been no decision by the United States Supreme Court recognizing a right that has been made retroactive. *Id.*; 28 U.S.C. § 2255(f)(3). And because no right has been recognized, Prowell's § 2255 motion should have been filed within one year of the district court's entry of final judgment, rather than within one year of the *Johnson* decision.

The district court entered judgment in Prowell's case on December 21, 1999.  Prowell did not take a direct appeal, and the time to appeal the judgment expired 14 days later on January 4, 2000.  Fed. R. App. P. 4(b)(1)(A)(i).  His § 2255 motion needed to be filed within one year of that date.  28 U.S.C. § 2255(f)(1); *Raybon*, 867 F.3d at 630–31.  Prowell's § 2255 motion filed on June 13, 2016 was untimely.  Although Prowell urges that *Raybon* be revisited by the en banc court, we cannot disregard published precedent absent a decision by the en banc court or intervening Supreme Court precedent.  *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) ("[A] prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.").

## III.  CONCLUSION

Under our binding precedent, Prowell's § 2255 motion was untimely.  We therefore **AFFIRM** the decision of the district court denying Prowell's motion for resentencing.