NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0465n.06

No. 16-3595

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Sep 07, 2018

DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| CARLTON ROBINSON, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| UNITED STATES OF AMERICA, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Respondent-Appellee. | ) | |

Before: GILMAN, KETHLEDGE, and BUSH, Circuit Judges.

KETHLEDGE, Circuit Judge. Carlton Robinson moved to vacate his sentence under 28 U.S.C. § 2255, arguing that he no longer qualifies as a career offender after *Johnson v. United States*, 135 S. Ct. 2551 (2015). The district court denied the motion. We affirm.

In 2002, Robinson pled guilty to two federal offenses: being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). In his plea agreement, Robinson conceded that his two prior state convictions for robbery and for the preparation of drugs for sale both qualified as "crimes of violence," and that he thus qualified as a career offender under the federal sentencing guidelines. As a result, Robinson received an enhanced sentence of 262 months' imprisonment.

Robinson now argues that his conviction for robbery no longer qualifies as a "crime of violence" and thus that he no longer qualifies as a career offender. Specifically, Robinson contends

that *Johnson*—which declared the residual clause of the Armed Career Criminal Act unconstitutional—applies to an identical provision of the then-mandatory federal sentencing guidelines, which defined a "crime of violence" at the time of his sentencing. *Compare* 28 U.S.C. § 924(e)(2)(B)(ii), *with* U.S.S.G. § 4B1.2(a)(2) (2002).

To seek post-conviction relief, Robinson must show that the Supreme Court has "recognized" a new right. *See* 28 U.S.C. § 2255(f)(3). To that end, Robinson argues that in *Johnson* the Court recognized a new constitutional right that extends to mandatory sentencing schemes. But as Robinson acknowledges, we have previously held that the "right . . . recognized by the Supreme Court" in *Johnson* does not extend to the federal sentencing guidelines—whether mandatory or not. *Raybon v. United States*, 867 F.3d 625, 630 (6th Cir. 2017) (internal quotation marks omitted); *see also Beckles v. United States*, 137 S. Ct. 886, 903 n.4 (2017) (Sotomayor, J., concurring in judgment). Hence Robinson may not seek post-conviction relief under § 2255(f)(3).

Robinson further argues that we should reconsider *Raybon* because, he says, the decision was wrongly decided and conflicts with the decisions of other circuits. *See Cross v. United States*, 892 F.3d 288, 293-94 (7th Cir. 2018); *Moore v. United States*, 871 F.3d 72, 80-84 (1st Cir. 2017). *But see United States v. Greer*, 881 F.3d 1241 (10th Cir. 2018); *United States v. Brown*, 868 F.3d 297, 301-04 (4th Cir. 2017). But we are bound by *Raybon* until the decision is overruled by the Supreme Court or by this court sitting en banc. *See Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985).

The district court's judgment is affirmed.