**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0593n.06

**No. 19-5229**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Oct 19, 2020
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| JOSHUA R. JONES, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE: McKEAGUE, GRIFFIN, and BUSH, Circuit Judges.

GRIFFIN, Circuit Judge.

In this appeal, we consider whether a defendant sentenced as a career offender under the mandatory Sentencing Guidelines regime may invoke the newly announced and retroactive rule of constitutional law established by the Supreme Court's holding in *Johnson v. United States*, 576 U.S. 591 (2015), to meet the one-year statutory deadline for filing a motion under 28 U.S.C. § 2255(f)(3).

Previously, we held that *Johnson* did not extend to such defendants. *Raybon v. United States*, 867 F.3d 625, 629–31 (6th Cir. 2017). But now, petitioner Joshua Jones contends that a pair of recent Supreme Court decisions—*Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *United States v. Davis*, 139 S. Ct. 2319 (2019)—abrogated our holding in *Raybon*, so he may rely on *Johnson* to meet the deadline imposed by § 2255(f)(3). The district court rejected Jones's argument and denied his § 2255 motion as untimely. We affirm.

I.

In 2004, during the pre-*Booker* era when the Sentencing Guidelines were deemed mandatory, *see United States v. Booker*, 543 U.S. 220, 233 (2005), Joshua Jones pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and to conspiracy to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). The district court determined that Jones had two prior convictions that qualified either as a "crime of violence" or a "controlled substance offense," meaning that petitioner was classified as a career offender under § 4B1.2(a) of the then-mandatory United States Sentencing Guidelines. One of Jones's prior offenses was a Tennessee conviction for attempted aggravated sexual battery, which only qualified as a crime of violence under Guidelines § 4B1.2(a)(2)'s residual clause.[1] *See* U.S.S.G. § 4B1.2(a)(2) (2002) ("The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." (emphasis added)). Petitioner was thus sentenced as a career offender to a total term of imprisonment of 262 months followed by a ten-year term of supervised release. He did not appeal his conviction.

Thirteen years later, Jones filed a pro se motion under 28 U.S.C. § 2255, collaterally attacking his career offender classification and sentence. Jones relied on *Johnson*, wherein the Supreme Court determined that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague. 576 U.S. at 606. While Jones's motion was

---

[1]Jones's unopposed motion to take judicial notice of documents relating to his state-court convictions is granted.

pending, the Supreme Court also decided *Beckles v. United States*, 137 S. Ct. 886 (2017), which held that the advisory Guidelines "are not subject to a vagueness challenge under the Due Process clause" and that, as a result, the residual clause of Guidelines § 4B1.2(a)(2) "is not void for vagueness." *Beckles*, 137 S. Ct. at 892. But *Beckles* left open whether defendants like Jones, who were sentenced under the mandatory Guidelines regime, could assert vagueness challenges to their sentences. *Id.* at 903 n.4 (Sotomayor, J., concurring).

Our court took up the mantle in *Raybon*, where we held that *Johnson* did not extend to those sentenced under the mandatory Guidelines regime. 867 F.3d at 630–31. Relying on *Raybon*, the district court here denied Jones's § 2255 motion as untimely because the newly recognized constitutional right made retroactive in *Johnson* did not apply to petitioner, and he was therefore unable to avail himself of § 2255(f)(3). Jones timely appeals that decision.

II.

We review de novo the district court's legal conclusions concerning whether Jones's petition was timely under 28 U.S.C. § 2255(f). *See Jamieson v. United States*, 692 F.3d 435, 439 (6th Cir. 2012). That section provides a one-year statute of limitations to bring a § 2255 motion, beginning on the latest of the following events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Jones argues that his 2016 motion was timely under § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in *Johnson*. *Johnson* held that the residual clause of the ACCA was unconstitutionally vague because it "both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law." *Johnson*, 576 U.S. at 597. But Jones also acknowledges that our court rejected this argument in *Raybon*. 867 F.3d at 629–31. There, we observed that between *Johnson* and *Beckles*, the Supreme Court left undecided whether *Johnson*'s void-for-vagueness analysis applied to the mandatory Guidelines regime. *Id.* at 629. And therefore, "because it [was] an open question," the *Raybon* court reasoned, "it [was] not a 'right' that 'ha[d] been newly recognized by the Supreme Court' let alone one that was 'made retroactively applicable to cases on collateral review.'" *Id.* at 630 (quoting 28 U.S.C. § 2255(f)(3)); *see also id.* at 630–31 ("Raybon's untimely motion cannot be saved under § 2255(f)(3) because he is asking for the recognition of a new right by this court—that individuals have a Constitutional right not to be sentenced as career offenders under the residual clause of the mandatory Sentencing Guidelines." (internal quotation marks and citation omitted)).

Accordingly, because *Raybon* would otherwise foreclose his claim, Jones takes a different tack and argues that new developments in the law, and specifically, the Supreme Court's decisions in *Sessions v. Dimaya*, and *United States v. Davis* "fatally undermine" our precedent and clear the way for his motion to be timely under § 2255(f)(3). Those cases warrant further discussion.

First, in *Dimaya*, the issue was whether the federal criminal code's general definition of "crime of violence," *see* 18 U.S.C. § 16, was unconstitutionally vague because it included a residual clause akin to the one the Supreme Court struck down in *Johnson*. 138 S. Ct. at 1210. But instead of a criminal prosecution, the issue arose in the immigration context because the

Immigration and Nationality Act incorporated § 16 into its definition of "aggravated felony," *see* 8 U.S.C. § 1101(a)(43)(F), and an immigration judge concluded that Dimaya's prior convictions for California first-degree burglary were crimes of violence under § 16(b)'s residual clause, rendering him deportable. 138 S. Ct. at 1211–12. This factual difference did not prevent the Court from concluding that the case was decided by a "straightforward application" of *Johnson*. *Id.* at 1213. The Court compared the statutes, concluded that they shared the same features that rendered § 924(e) unconstitutionally vague, and struck down § 16 for the reasons given in *Johnson*. *See id.* at 1214–16.

Second, in *Davis*, the Supreme Court considered a vagueness challenge to 18 U.S.C. § 924(c)(3)(B), which "threaten[ed] long prison sentences for anyone who use[d] a firearm in connection with certain other federal crimes." 139 S. Ct. at 2323. Like *Johnson* and *Dimaya*, § 924(c)(3)(B) included a residual clause, encompassing felonies "that by [their] nature, involve[ ] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B). The *Davis* court summarized those cases as "teach[ing] that the imposition of criminal punishment can't be made to depend on a judge's estimation of the degree of risk posed by a crime's imagined 'ordinary case.'" 139 S. Ct. at 2326. And because § 924(c)(3)(B) did just that, the *Davis* court struck it down. *Id.* at 2336.

Jones reads these cases to cast doubt on our decision in *Raybon* because there, we interpreted *Johnson* narrowly and concluded that it did not announce a new rule of constitutional law that applied beyond the ACCA—reasoning that he says the "Supreme Court has since repudiated . . . by holding that *Johnson*'s rule has 'straightforward application' in other contexts." Put differently, Jones argues that if *Johnson* invalidates residual clauses that resulted in the deportation of aliens and triggered mandatory five-year consecutive sentences for crimes

committed with firearms, it should also apply to his case because "it involves a residual clause identical in its text and mode of analysis to the ACCA's clause and mandate[s] years longer in prison."

The government responds that *Dimaya* and *Davis* have nothing to do with *Raybon* or § 2255(f)(3). Instead, it views those decisions as evidence that "*Johnson* only addressed the ACCA's residual clause and did not automatically 'invalidate all residual clauses as void for vagueness simply because they exhibit wording similar to the ACCA's residual clause.'"

We find the government's argument persuasive. *Raybon*'s holding—that the Supreme Court has left open whether *Johnson*'s void-for-vagueness analysis applies to mandatory Guidelines challenges—remains good law even after *Dimaya* and *Davis* applied the same analysis to strike down residual clauses in other contexts. 867 F.3d at 630. And while the Supreme Court has had dozens of opportunities to resolve the mandatory Guidelines question, it has thus far declined to do so. Dissenting from the denial of certiorari in many of those cases, Justices Sotomayor and Ginsburg *confirmed* that they do not read the Court's precedent to have resolved this issue. *See, e.g.*, *Brown v. United States*, 139 S. Ct. 14, 15 (2018) (Sotomayor, J., dissenting from denial of certiorari) ("[T]his Court has thus far left the validity" of sentences enhanced by the residual clause of the mandatory Guidelines range "an open question."). This means that *Johnson* did not announce a new rule of constitutional law which would apply retroactively to Jones. *See Tyler v. Cain*, 533 U.S. 656, 663–64 (2001) (explaining in the context of second or successive habeas applications under 28 U.S.C. § 2244(b)(2)(A), the "only way" the Supreme Court can establish a new rule of constitutional law with retroactive effect, is "through a holding"). Accordingly, we reject Jones's attempt to stitch together a new rule of constitutional law through his reading of *Dimaya* and *Davis*.

In sum, *Raybon*'s holding—that challenges to the mandatory Guidelines' residual clause brought pursuant to *Johnson* are not timely under § 2255(f)(3)—is binding on the panel because it has not been overruled en banc or abrogated by the Supreme Court.[2] *See Wright v. Spaulding*, 939 F.3d 695, 700 (6th Cir. 2019). Unless and until that occurs, petitioners like Jones cannot avail themselves of § 2255(f)(3) to challenge their sentence because *Raybon* holds the Supreme Court has not announced a new, retroactive rule of constitutional law that is applicable to them.

III.

For these reasons, we affirm the judgment of the district court.

---

[2]Jones devotes a significant portion of his brief to discussion of how our sister circuits have resolved this issue. But no matter how deep the disagreement among the lower federal courts, we are bound to follow our circuit precedent, so discussion of the circuit split is unnecessary to the resolution of this appeal.