**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ricky T. CROWDER, Defendant–Appellant.**

**No. 02–2211.**

United States Court of Appeals, Sixth Circuit.

June 4, 2004.

Daniel R. Hurley, Patricia G. Gaedeke, U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Richard M. Helfrick, Federal Public Defenders Office, Detroit, MI, for Defendant–Appellant.

Before BOGGS, Chief Circuit Judge; KENNEDY, Circuit Judge; and

RUSSELL, District Judge.*

KENNEDY, Judge.

Defendant Ricky T. Crowder challenges the district court's refusal, as a matter of law, to grant him a downward departure based on his probation officer's misconduct. Because we agree with the district court that there is no evidence suggesting any causal link between the actions of the probation officer and the crimes committed by Defendant, We AFFIRM.

## BACKGROUND

For the purposes of this appeal, the facts of this case are not in dispute. Defendant pleaded guilty to bank larceny in the United States District Court for the Eastern District of Michigan in November 1992. After serving a lengthy jail term for that offense, he began serving a term of supervised release on May 1, 1999.[1] On July 21, 1999. Defendant tested positive for marijuana. His probation officer, however, did not take any steps to seek treatment for Defendant or otherwise respond to that violation. Defendant insists, and the Government concedes for the purposes of this appeal, that this failure resulted from what can best be described as "sexual blackmail" by the probation officer. In other words, the probation officer allegedly demanded sexual favors from Defendant in exchange for ignoring Defendant's drug habits. That probation officer retired sometime before August of 1999.

On September 29, 2000, Defendant robbed a bank in Detroit, Michigan. He was not apprehended. At his next visit to a probation officer on October 3, 2000, Defendant admitted that he was using cocaine on a daily basis. He was immediately referred to an in-patient drug treatment program and physically taken there the next day. After two weeks at the rehabilitation center. Defendant was released to out-patient treatment, under the supervision of the probation department's drug unit. On October 23, 2000. Defendant robbed the same branch bank he had robbed on September 29, 2000. Overall. Defendant committed or attempted to commit at least a dozen bank robberies between September 29, 2000, and January 22, 2001. Defendant pleaded guilty to all three counts in the indictment. He also filed a Sentencing Memorandum requesting a downward departure on the basis of a unique combination of circumstances that took his case out of the "heartland" of bank robbery cases pursuant to USSG § 5K2.0.

At his presentence interview. Defendant admitted that he has been using marijuana and cocaine regularly since his late teens and that he began using crack immediately after his release from prison on May 1, 1999. Defendant filed a pleading asking the district court for a downward departure on the grounds that his long-term substance abuse problem might have been caused by mental illness.[2] Defendant also blamed the probation department for failing to take any action concerning his drug habit for more than a year, between July 21, 1999, and October 3, 2000.[3] The district court ordered a psychological evaluation of Defendant, specifying that the

---

* The Honorable Thomas B. Russell. United States District Judge for the Western District of Kentucky, sitting by designation.

1. He was also on parole from prior state convictions.

2. Drug dependence or abuse is never a permissible reason for sentencing below the guidelines. USSG § 5H1.4.

3. It appears from the record that he was enrolled in two drug outpatient treatment programs as part of his state parole during that period, however.

report "should include an assessment of defendant's history of drug usage in its relationship, if any, to defendant's mental status."

During his interview at the Springfield Medical Center, Defendant described a history of intermittent drug use, crimes committed for money to buy drugs, and incarceration. He also, for the first time, asserted that he had a sexual relationship with a probation officer between June and August of 1999. He stated that he ended the relationship sometime after the officer retired. The record does not reveal the actual date of retirement. Defendant was treated for depression, but not diagnosed with any mental illness requiring special medical treatment.

After a final date was set for a sentencing hearing, defense counsel filed another sentencing memorandum, seeking a downward departure based on the claim that the corrupt probation officer's failure to violate Defendant's parole between June and August of 1999 in return for sexual favors, allowed Defendant "to continue his relapse into drugs, attempt suicide, and his eventual need to commit bank robberies to feed his habit." The district court assumed for the purposes of the sentencing hearing that Defendant's allegations that the probation officer had a sexual relationship with him were true. The court stated that it knew "of no authority that would allow me to consider the possible misconduct of a federal officer as a grounds for a downward departure." Accordingly, the court imposed a sentence within the applicable guidelines range.

## ANALYSIS

The Sentencing Guidelines permit a downward departure when "there exists an aggravating or mitigating circumstance ... not adequately taken into consideration by the Sentencing Commission." USSG § 5K2.0. The Supreme Court has instructed lower courts to conduct the following analysis in deciding whether a factor that was not specifically mentioned in the Guidelines is sufficiently unusual to take the case out of the heartland of the Guidelines:

1) What features of this case, potentially, take it outside the Guidelines' 'heartland' and make of it a special, or unusual, case? 2) Has the Commission forbidden departures based on those features? 3) If not. has the Commission encouraged departures based on those features? 4) If not. has the Commission discouraged departures based on those features?

*Koon v. United States,* 518 U.S. 81, 96, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) (citations omitted).

The Government agrees with Defendant that this court may review the district court's refusal to depart because the ruling below was a legal determination-the court below concluded that it had no authority to exercise discretion to depart on the grounds advanced. The Government also agrees that "sexual exploitation by a probation officer" is highly unusual and that the Commission has not explicitly forbidden or discouraged reliance on this factor as a basis for a departure.[4] The Government argues, however, that the "Commission's failure to mention such a factor, however, does not suggest that it should be considered at sentencing. It is more likely that it is not mentioned because it is

---

4. It appears that Defendant is no longer pursuing the claim that he was entitled to a downward departure based on the general failure by the probation department to identify his drug problem before October 3, 2000. He is only pursuing the claim that he is entitled to a departure based on a criminal conduct by a federal official.

'wholly irrelevant to either the defendant's guilt or the nature or extent of his sentence.'" Appellee Br. at 7 (citing *United States v. Pin Yen Yang*, 281 F.3d 534, 546 (6th Cir.2002)). In support of its position, the Government presents logical arguments for why the conduct of the probation officer cannot in any way be viewed as influencing Defendant's criminal path.

We agree with the Government's position, as it pertains to the facts of this case. Defendant simply has been unable to establish any type of causation between the alleged conduct of the probation officer and Defendant's crimes. As a general matter, whether the probation officer's allegedly improper conduct "drove" a defendant to commit some of the crimes (or, in the alternative, contributed to the decision to commit them) is not wholly irrelevant to a defendant's guilt or the nature or extent of the sentence. However, in this case, Defendant failed to present any evidence tying his crime spree to the officer's misconduct. First, there is no evidence that his drug dependence was increased because the probation officer did not report the failed urine test. As a matter of fact. Defendant was enrolled in two drug outpatient treatment programs after the accused probation officer retired and before the first robbery in September 2000.[5] Second, there is no evidence that the sexual relationship had any impact on the Defendant's mental health. With respect to the second point, it is important to note that the Guidelines do not specifically "encourage" or "discourage" downward departures based on history of physical abuse of the defendant. Rather, a downward departure is authorized only if "the defendant committed the offense while suffering from a significantly reduced mental capaci-

ty." USSG § 5K2.13. The district court had no evidence before it that suggested the presence of a "significantly reduced mental capacity."

## CONCLUSION

For the reasons stated above, we affirm the judgment and sentence of the district court.

---

5. He was also committed to an in-patient drug treatment program just four days after the first bank robbery and he robbed the second bank just days after being released from that program.