<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 18a0608n.06

Case No. 18-1427

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Dec 04, 2018
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| RICKY TYRONE CROWDER, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

BEFORE: BATCHELDER, COOK, and KETHLEDGE, Circuit Judges.

COOK, Circuit Judge. Ricky Tyrone Crowder appeals the district court's denial of his 28 U.S.C. § 2255 motion, arguing that his state robbery convictions no longer qualify as crimes of violence under USSG § 4B1.2's residual clause after *Johnson v. United States*, 135 S. Ct. 2551 (2015), and therefore cannot serve as predicates for a career offender enhancement. Because our decision in *Raybon v. United States*, 867 F.3d 625 (6th Cir. 2017), forecloses this line of attack, we AFFIRM the district court's denial of Crowder's motion to vacate.

**I.**

In 2001, Crowder pleaded guilty to two counts of bank robbery (Counts I and II), in violation of 18 U.S.C. § 2113(a), and one count of using, carrying and brandishing a firearm during a crime of violence (Count III), in violation of 18 U.S.C. § 924(c)(1)(A)(ii). A year later, during

the pre-*Booker* era when the Sentencing Guidelines were mandatory, *see United States v. Booker*, 543 U.S. 220, 233 (2005), the district court sentenced Crowder.

The court designated Crowder a career offender under USSG § 4B1.2(a) for his two prior convictions for a crime of violence—both state robbery convictions—which increased his Guidelines range to 188 to 235 months (from 100 to 125 months) on Counts I and II. In the end, Crowder received concurrent sentences of 188 months of imprisonment on Counts I and II, and an additional 84 months of imprisonment on Count III. He then appealed the court's refusal to grant a downward departure, and we affirmed. *United States v. Crowder*, 100 F. App'x 424, 425 (6th Cir. 2004).

Over ten years later, now under the post-*Booker* advisory Guidelines, Crowder filed this § 2255 motion claiming that *Johnson* entitled him to resentencing. He argued that, after *Johnson*, his state convictions for bank robbery no longer qualify as crimes of violence under the residual clause of USSG § 4B1.2. Without those crimes of violence, Crowder would of course not qualify for sentencing as a career offender. The district court denied the motion, finding it untimely under § 2255(f)(1) and (f)(3), but granted Crowder a certificate of appealability. This timely appeal followed.

## II.

Giving fresh review to the district court's denial as untimely Crowder's motion to vacate under § 2255, *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003), we start with the general rule that such a motion must be filed within one year of the "judgment of conviction becom[ing] final." § 2255(f)(1). For § 2255 purposes, an appealed "judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation

of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). A petition for certiorari must be filed within ninety days of the entry of judgment by the court of appeals. U.S. Sup. Ct. R. 13.1.

Because Crowder did not petition for certiorari, his motion needed to be filed within one year and ninety days of this court's decision affirming his conviction in June of 2004. *Crowder*, 100 F. App'x at 427. This June 2016 motion therefore comes more than ten years too late under § 2255(f)(1). Thus, unless Crowder satisfies an exception found in § 2255(f), he has no path to overcome the time bar.

**A.**

Crowder argues that § 2255(f)(3) provides that path. This exception permits a prisoner to file a petition within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3). Yet he acknowledges that this path—and his argument for treading down it—have been "foreclosed by this Court['s] decision in *Raybon*." Appellant Br. at 6; *see Raybon v. United States*, 867 F.3d 625, 630–31 (6th Cir.), *reh'g en banc denied* (6th Cir. Dec. 6, 2017), *cert. denied*, 138 S. Ct. 2661 (2018) (mem.).

In *Raybon*, we examined the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), where the Court held *Johnson* inapplicable to the post-*Booker* advisory Sentencing Guidelines. *See Raybon*, 867 F.3d at 629–31. We noted that the *Beckles* opinion "explicitly and repeatedly stated that [it] was not addressing the pre-*Booker*, mandatory Guidelines scheme," *id.* at 629, and therefore "le[ft] open the question" of whether *Johnson* applies to the mandatory Guidelines, *Beckles*, 137 S. Ct. at 903, n.4 (Sotomayor, J., concurring in the judgment).

Because the question remained open, we held "it is *not* a 'right' that 'has been newly recognized by the Supreme Court' let alone one that was 'made retroactively applicable to cases

on collateral review.'" *Raybon*, 867 F.3d at 630 (citing § 2255(f)(3)); *see Johnson*, 135 S. Ct. at 2561 (rejecting the government's argument that this decision put textually similar laws in "constitutional doubt"); *see also United States v. Greer*, 881 F.3d 1241, 1247 (10th Cir. 2018) ("AEDPA limits federal habeas relief to new constitutional rights recognized by the *Supreme Court*.").

**B.**

Crowder thinks this court got it wrong in *Raybon*, and he would surely like us to say so. But as he recognizes, in the absence of en banc review or an intervening decision by the Supreme Court, this panel cannot. *See United States v. Elbe*, 774 F.3d 885, 891 (6th Cir. 2014) ("[A] published prior panel decision 'remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.'" (quoting *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985))).

As for an intervening decision by the Supreme Court, Crowder points to one—*Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). There, the Court applied *Johnson* and held that the residual clause of 18 U.S.C. § 16's definition of a "crime of violence," as incorporated into the Immigration and Nationality Act's definition of aggravated felony, was unconstitutionally vague. *Id.* at 1223. But that holding too confirms that the question *Beckles* left open remains unanswered, and therefore aligns with *Raybon*. *Raybon*, 867 F.3d at 629 ("[W]hether [*Johnson*] applies to the mandatory guidelines . . . is an open question."). Indeed, two months after *Dimaya*, the Supreme Court denied certiorari in *Raybon*. *Raybon v. United States*, 138 S. Ct. 2661 (2018) (mem.). And the only circuit to consider the question after *Dimaya* agreed that "[*J*]ohnson did not recognize a

new right applicable to the mandatory Sentencing Guidelines on collateral review." *United States v. Blackstone*, 903 F.3d 1020, 1026–28 (9th Cir. 2018).

## III.

Crowder's case presents the same question as *Raybon*, so we give the same answer: *Johnson* did not recognize a "right not to be sentenced as career offenders under the residual clause of the mandatory Sentencing Guidelines." 867 F.3d at 631. We AFFIRM.