RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 19a0124p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

> No. 18-1194

*v.*

ERIC SCOTT RUSKA,

*Defendant-Appellant*.

───────────────

Appeal from the United States District Court
for the Western District of Michigan at Marquette.
No. 2:17-cr-00025-1—Robert J. Jonker, Chief District Judge.

Decided and Filed:  June 10, 2019

Before: BATCHELDER, McKEAGUE, and NALBANDIAN, Circuit Judges.

───────────────

## COUNSEL

**ON BRIEF:**  Elizabeth A. LaCosse, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Marquette, Michigan, for Appellant.  Maarten Vermaat, UNITED STATES ATTORNEY'S OFFICE, Marquette, Michigan, for Appellee.

───────────────

## OPINION

───────────────

NALBANDIAN, Circuit Judge. Eric Scott Ruska appeals his sentence of life imprisonment to the extent that the district court imposed it under the federal three strikes statute, 18 U.S.C. § 3559(c).  For the following reasons, we affirm.

I.

In 2002, Ruska drove a nineteen-year-old woman down a two-track road in rural Michigan. He then stopped the car and revealed he had a handgun. The woman asked him several times to take her home, but Ruska refused. Instead, he raped her three times. Although Ruska was first charged with three counts of first-degree criminal sexual conduct, he pleaded guilty to a reduced charge—assault with intent to do great bodily harm less than murder. As a result, the court sentenced him to one year in jail and two years of probation.

After his release from jail the following year, Ruska raped another woman. He also forced this woman to sit partially naked on a sofa for about three hours while he threatened to beat her. He then drove her around for several hours and suggested he would kill her before he eventually took her back to her home. For this crime, Ruska pleaded guilty to one count of third-degree criminal sexual conduct and kidnapping. And he was sentenced to between ten and fifteen years in prison.

Within two years after he was discharged on parole, Ruska attacked another woman. This woman had the misfortune of accepting his invitation to join him on a fishing trip. The two had been fishing on Ruska's boat for a few hours before Ruska "snapped" and said to her: "I'm not out here for the enjoyment of fishing, but this is what I'm about to do and you either go along with it or I have a gun and I'll shoot you with it." [R. 57, Presentence Report at PageID #322 ¶ 30.] He then raped her repeatedly over several days until the police found them both and arrested Ruska.

For these offenses—committed in the Hiawatha National Forest, which is under federal territorial jurisdiction—the government charged Ruska with one count of kidnapping and three counts of sexual abuse. Ruska pleaded guilty to all the charges and the district court sentenced him to life in prison for each count. The court arrived at that sentence based on three alternative grounds: First, the court ruled that the federal "three strikes" statute, 18 U.S.C. § 3559(c), mandated a life sentence. Second, the court ruled that an upward departure to life from Ruska's Guidelines range was justified based on U.S.S.G. §§ 4A1.3, 5K2.21, and 5K2.8. And third, the

court ruled that an upward variance to life was warranted based on the 18 U.S.C. § 3553(a) factors.  Ruska now appeals this sentence.

## II.

Ruska only challenges the first of these rulings: that he qualified for a life sentence under the federal three strikes statute.  Because that ruling is a legal conclusion, we review it de novo. *See United States v. Prater*, 766 F.3d 501, 507 (6th Cir. 2014).

## III.

The three strikes statute mandates a life sentence for defendants who are convicted of a "serious violent felony" and have already been convicted of at least two other serious violent felonies.  18 U.S.C. § 3559(c).  The statute defines what counts as a serious violent felony, or "strike," using a "familiar three-part structure, with an enumerated clause, [an elements] clause, and a residual clause." *United States v. Johnson*, 915 F.3d 223, 228 (4th Cir. 2019).  A prior conviction may qualify as a serious violent felony under any of those clauses. *See* § 3559(c)(2)(F)(i)–(ii).

The district court determined that Ruska had three strikes based on his convictions for the crimes involving the three women he attacked.  As relevant here, the district court ruled that his 2002 conviction for assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84,[1] qualified as a serious violent felony under both the elements and residual clauses of the three strikes statute.  Ruska argues that this was error.

More precisely, Ruska argues that Michigan Compiled Laws § 750.84 does not have "as an element, the use, attempted use, or threatened use of physical force," as it must to qualify under the elements clause. *See* 18 U.S.C. § 3559(c)(2)(F)(ii).  And he argues that the residual clause is unconstitutionally vague because of the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).  We consider whether Michigan Compiled Laws § 750.84

---

[1]At the time of Ruska's conviction, section 750.84 provided: "Any person who shall assault another with intent to do great bodily harm, less than the crime of murder, shall be guilty of a felony punishable by imprisonment in the state prison not more than 10 years, or by fine of not more than 5,000 dollars."  Mich. Comp. Laws § 750.84 (amended 2013).  The current version of the statute "is not materially different." *Raybon v. United States*, 867 F.3d 625, 632 (6th Cir. 2017).

qualifies under the elements clause first to "avoid [any] unnecessary adjudication of constitutional issues." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001).

To determine whether a prior conviction qualifies under the elements clause, we employ the categorical approach. *See United States v. Burris*, 912 F.3d 386, 392 (6th Cir. 2019) (en banc) (noting that the Supreme Court has historically "instructed federal sentencing courts to use the 'categorical approach'" in similar contexts). That means we ask whether the conviction—disregarding its underlying facts—necessarily has "the use, attempted use, or threatened use of physical force" as an element of the offense. *See id.*

How much physical force? Both parties implicitly assume that the answer here is the same as it is under the identically worded elements clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(i) (defining "violent felony" under 18 U.S.C. § 924(e)(1)). And under the ACCA's elements clause, "'physical force' means *violent* force—*i.e.,* force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson I*").[2]

Although we have never said as much before, we agree with the parties. "[B]ecause both laws share essentially the same definition (if not the same titles)," we can define a "serious violent felony" under § 3559(c) the same way we define a "violent felony" under the ACCA, § 924(e)(1). *See United States v. Ford*, 560 F.3d 420, 421 (6th Cir. 2009) (treating a "crime of violence" under U.S.S.G. § 4B1.1(a) the same as a "violent felony" under § 924(e)(1)); *United States v. Harris*, 853 F.3d 318, 320 (6th Cir. 2017).[3] Thus, we now hold that the elements clause

---

[2]We refer to *Johnson v. United States*, 559 U.S. 133 (2010) as "*Johnson I*" to distinguish it from *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*"), in which the Court held the ACCA's residual clause to be unconstitutionally vague.

[3]This follows from the "premise that when Congress uses the same language in two statutes having similar purposes . . . it is appropriate to presume that Congress intended that text to have the same meaning in both statutes." *Smith v. City of Jackson*, 544 U.S. 228, 233 (2005) (plurality opinion) (citing *Northcross v. Board of Ed. of Memphis City Sch.*, 412 U.S. 427, 428 (1973) (per curiam)).

of 18 U.S.C. § 3559(c)(2)(F)(ii) requires the same showing of *Johnson I* "violent force" that must be shown under the elements clause of the ACCA.[4]

The question then is whether Michigan Compiled Laws § 750.84 has as an element, the use, attempted use, or threatened use of *Johnson I* "violent force." Ruska contends that § 750.84 requires only the type of force necessary to commit a simple assault, which can extend to the "slightest unwanted physical touch." *See Johnson I*, 559 U.S. at 137. But he acknowledges that we already addressed this issue in *Raybon v. United States*, 867 F.3d 625, 632 (6th Cir. 2017) (holding that § 750.84 qualifies as a "crime of violence" under the elements clause of U.S.S.G. § 4B1.2(a)(1)). There, we concluded that § 750.84 has as "an element . . . the use or threat of the type of force required by *Johnson* [*I*]." *Id.* Although *Raybon* interpreted a different elements clause, we see no reason to depart from its sound analysis here. We hold, therefore, that Michigan Compiled Laws § 750.84 qualifies as a serious violent felony under the three strikes statute.[5]

## IV.

For these reasons, we affirm.

---

[4]The Supreme Court's decision in *United States v. Castleman*, 572 U.S. 157 (2014), is not to the contrary. In *Castleman*, the Court held that the requirement of "physical force" in the nearly identical elements clause of 18 U.S.C. § 921(a)(33)(A)(ii) "is satisfied . . . by the degree of force that supports a common-law battery conviction." *Castleman*, 572 U.S. at 168. But it was important that the Court was interpreting "physical force" where it was used to define "a *misdemeanor* crime of domestic violence" under 18 U.S.C. § 922(g)(9) (emphasis added). Since all battery was a misdemeanor at common law, *see Johnson I*, 559 U.S. at 141, it was "likely that Congress meant to incorporate [a] misdemeanor-specific meaning of 'force'" there. *See Castleman*, 572 U.S. at 164. In contrast, it would make little sense for Congress to give "physical force" its common-law misdemeanor meaning when defining the term "serious violent *felony*." *See Johnson I*, 559 U.S. at 141. In any event, were *Castleman* to apply, it would compel an affirmance in this case since Ruska submits that Michigan Compiled Laws § 750.84 requires the type of force necessary to commit a common law assault or battery.

[5]Accordingly, we do not address the constitutionality of the residual clause in 18 U.S.C. § 3559(c)(2)(F)(ii). We further note that even if the district court had erred in sentencing Ruska to life in prison pursuant to the three strikes statute, that error would have been harmless since we can be certain that it would not have affected his sentence. *See United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005). The district court explained that even if the three strikes statute did not apply, it would have still sentenced Ruska to life in prison by either departing upwards under the Guidelines or by varying upwards under the 18 U.S.C. § 3553(a) factors. And Ruska does not challenge his sentence under either of those alternative grounds.