NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0249n.06

No. 19-1587

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 05, 2020
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff - Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JIMMIE BUTLER, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant - Appellant. | ) | |

BEFORE: BATCHELDER, GIBBONS, and SUTTON, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Jimmie Butler pled guilty to one count of conspiracy to distribute and possess with intent to distribute heroin, cocaine powder, and cocaine base. The district court sentenced Butler to 262 months' imprisonment. He raises three challenges to his sentence on appeal. First, Butler argues that the district court erred in designating him as a career offender under § 4B1.1 of the United States Sentencing Guidelines ("Guidelines"). Second, assuming that he is no longer a career offender, Butler argues that the district court erred in applying a four-level enhancement for a leadership role under § 3B1.1 of the Guidelines. Finally, and again assuming that he is no longer a career offender, Butler argues that the district court erred in applying an upward departure pursuant to § 4A1.3 of the Guidelines. As the government concedes, Butler no longer qualifies as a career offender following our decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc). Nevertheless, because the district court reasonably provided for the same 262-month sentence even if Butler were no longer a career offender, we find that the error was harmless. We therefore affirm.

I.

Butler pled guilty to conspiring to distribute and possess with intent to distribute heroin, cocaine powder, and cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1). As described in the Amended Presentence Investigation Report ("PSR"), Butler and several of his co-conspirators transported cocaine and heroin from Chicago and Detroit to Holland, Michigan. Butler supplied this cocaine and heroin to at least five of his co-conspirators for distribution to customers in Holland. Butler also recruited several of these individuals to join the conspiracy, including Monique Molina, Jimmy Moore, and Donald Brake. Molina and Brake, in addition to selling and transporting drugs for Butler, completed errands and local work on his behalf.

The PSR recommended that Butler be scored as a "career offender" under § 4B1.1 of the Guidelines. Based on his offense conduct, the PSR also recommended that, if Butler was not sentenced as a career offender, he receive a four-level enhancement for a leadership role under § 3B1.1(a) of the Guidelines. Prior to his hearing, Butler raised two main objections to the PSR, arguing that he did not qualify as a career offender and had not acted as a leader of the conspiracy. Butler also contested the drug quantity calculation contained in the PSR.

At Butler's sentencing, the district court acknowledged its duty to consider the 18 U.S.C. § 3553(a) factors—listing each in full—and detailed Butler's offense conduct. Butler's distribution scheme, the court found, was "a major conspiracy in the Holland community" and "extremely serious" given the deadly opioid epidemic in Western Michigan. DE 267, Sentencing Tr., Page ID 1667–69. The district court also found that Butler was a leader of the conspiracy, noting that, of the "five or more participants involved," Butler had recruited "at least one, perhaps more." *Id.* at 1647. It explained that, despite the potential overlap with other conspiracies, the

uncontested facts of the PSR "paint the picture . . . that [Butler] was indeed an organizer or leader of the conspiracy." *Id.* at 1647–48.

The district court also determined that Butler was a career offender. *See* U.S.S.G. § 4B1.1. It rejected Butler's argument that inchoate crimes like conspiracy fall outside the definition of a "controlled substance offense," holding that Butler's offense of conviction supported the career offender designation. *See* U.S.S.G. § 4B1.2(b). Accordingly, after applying a three-level reduction for Butler's acceptance of responsibility, the court calculated Butler's offense level as 34 and his criminal history category as VI. This resulted in a final Guidelines range of 262 to 327 months' imprisonment. The district court sentenced Butler to 262 months.

Nevertheless, recognizing that *Havis* could affect Butler's career offender designation, the district court "state[d] for the record" that it would impose the same "262 months that I am about to impose" even if Butler was not a career offender.[1] DE 267, Sentencing Tr., Page ID 1671. To do so, the district court explained that it would "depart upward" one level based on Butler's extensive criminal history. *Id.* A one-level departure would result in a Guidelines range of 210 to 262 months. "And at that level," the district court explained, "considering all of the 3553 factors, as well as offense seriousness [and] just punishment, [I] would find that a sentence at the top end of that range would be the appropriate sentence."[2] *Id.*

## II.

On appeal, Butler challenges his sentence on three grounds. First, he argues that the district court erred in designating him as a career offender. Second, Butler argues that the district court

---

[1] The district court notified Butler prior to the hearing that it might depart upward under § 4A1.3 of the Guidelines. Butler objected at the hearing.

[2] Although the district court addressed Butler's objection to its application of the leadership enhancement *before* discussing its alternative basis for imposing the 262-month sentence, the record makes clear that the enhancement was only relevant to the alternative sentence. That is, the district court did not factor in the four-level leadership enhancement to Butler's career offender Guidelines range, using it only to enhance his non-career offender range.

erred in enhancing his Guidelines range based on its finding that he was an organizer or leader of the drug conspiracy. Finally, Butler argues that the district court erred in departing upward from his Guidelines range based on his extensive criminal history. We address each issue in turn.

A.

Butler first argues that he is not a career offender because his conspiracy conviction no longer qualifies as a predicate "controlled substance offense." We review *de novo* a district court's determination that a defendant's conviction qualifies as a "controlled substance offense." *Havis*, 927 F.3d at 384. Under § 4B1.1 of the Guidelines, a defendant is a career offender if, among other things, his offense of conviction is a "controlled substance offense." U.S.S.G. § 4B1.1(a). A "controlled substance offense," in turn, is defined as an offense under state or federal law "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). Although the definition in § 4B1.2(b) makes no mention of inchoate crimes like conspiracy, an accompanying application note provides that the term "controlled substance offense" also "include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2 cmt. n.1.

Butler relies on our decision in *Havis* to argue that, because conspiracy crimes are not listed in the text of § 4B1.2(b), his conspiracy conviction cannot qualify as a "controlled substance offense." As the government concedes, Butler is right. Our decision in *Havis* provides that crimes not expressly identified in the text of § 4B1.2(b) cannot be added by the Sentencing Commission through commentary to the Guidelines. 927 F.3d at 386–87. Although the specific facts of *Havis* involved an attempt crime, its reasoning applies with equal force to other inchoate crimes not listed in the text of § 4B1.2(b). Accordingly, because the Guidelines' definition of "controlled substance

offense" does not include conspiracy crimes, the district court erred in basing Butler's career offender designation on his conspiracy conviction.[3]

B.

The district court's error in calculating Butler's advisory Guidelines range does not end our analysis: we must still decide whether the error was harmless. *See* Fed. R. Crim. P. 52(a). It is the government's burden to prove harmlessness. *United States v. Lanesky*, 494 F.3d 558, 561 (6th Cir. 2007). A sentencing error is harmless only if the government demonstrates "with certainty that the error . . . did not cause the defendant to receive a more severe sentence." *United States v. Gillis*, 592 F.3d 696, 699 (6th Cir. 2009) (quoting *Lanesky*, 494 F.3d at 561). This is a heavy burden and, "[i]n the usual case, . . . the systemic function of the selected Guidelines range will affect the sentence." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016). Nevertheless, we have consistently found that errors in calculating a defendant's Guidelines range are harmless if the "district court made clear that 'it would have given [the defendant] the same sentence' even if it had started" from the properly-calculated range. *United States v. Collins*, No. 19-3369, 2020 WL 398537, at *1 (6th Cir. Jan. 23, 2020) (alteration in original) (quoting *United States v. Bishop*, 797 F. App'x 208, 212 (6th Cir. 2019)).

Here, the record is clear that the district court would have imposed the same 262-month sentence even absent Butler's erroneous career offender designation. The district court repeatedly discussed *Havis*—which was pending *en banc* rehearing before this court—and acknowledged that it could affect Butler's career offender status. It thus outlined "for the record" how it would reach the identical 262-month sentence "if indeed [Butler] is not a career offender." DE 267, Sentencing

---

[3] Because Butler's offense of conviction is not a "controlled substance offense," we do not address Butler's separate argument, raised for the first time on appeal, that his prior Michigan convictions for delivery or manufacture of a controlled substance no longer qualify as predicate offenses.

Tr., Page ID 1671. This unequivocal language—included for precisely the eventuality encountered here—leaves us certain that Butler would have received the same sentence even absent the district court's error. *See, e.g.*, *United States v. Morrison*, 852 F.3d 488, 491–92 (6th Cir. 2017) (finding harmless error where the trial court stated that it would have imposed the same sentence regardless of career offender status).

Butler, recognizing as much, focuses his challenge on the procedural and substantive reasonableness of the district court's alternative sentence. Specifically, he argues that the district court erred (1) in applying a four-level leadership enhancement to his non-career offender Guidelines range, and (2) in departing upward from his non-career offender Guidelines range. With respect to the upward departure, Butler contends both that it was inadequately explained by the district court and that it resulted in an excessive sentence. Our harmless error analysis thus turns on whether the district court's alternative grounds for the 262-month sentence were procedurally and substantively reasonable. *See Collins*, 2020 WL 398537, at *1–2 (noting that harmless error review includes an assessment of the reasonableness of a district court's alternative grounds for imposing a sentence); *see also United States v. Ruska*, 926 F.3d 309, 313 n.5 (6th Cir. 2019) (suggesting the same).

1.

Butler first argues that the district court's application of the leadership enhancement was procedurally unreasonable. "We review the factual findings of the district court on this issue for clear error and accord deference to the legal conclusion that a person is an organizer or leader under Section 3B1.1." *United States v. Olive*, 804 F.3d 747, 759 (6th Cir. 2015). Under § 3B1.1(a), a defendant is subject to a four-level enhancement if he "was an organizer or leader of a criminal activity that involved five or more participants." To determine whether a defendant

qualifies as an "organizer or leader," the commentary instructs district courts to consider "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1 cmt. n.4. More than one person may qualify as a "leader or organizer," *id.*, and a defendant need only have led "one . . . other participant[]," *id.* § 3B1.1 cmt. n.2.

Butler's main contention is that the record does not support application of the four-level enhancement. As the district court explained, however, the uncontested facts in the PSR show that Butler recruited "at least one" other person into the conspiracy and, "as a whole[,] . . . paint the picture" that Butler was "indeed an organizer or leader of the conspiracy." DE 267, Sentencing Tr., Page ID 1647–48. To that end, the PSR painstakingly outlines how Butler directed multiple co-conspirators to transport drugs, distribute drugs, run local errands, package drugs, and make and collect payments for drugs. The uncontested facts also show that Butler recruited multiple people to join the conspiracy, including co-defendants Monique Molina and Jimmy Moore. Although Butler contends that many of his co-conspirators had other suppliers and freely chose to participate, we have never required exclusivity or coercion to justify application of the leadership enhancement. *See, e.g.*, *United States v. Bennett*, 291 F.3d 888, 898 (6th Cir. 2002).

Butler also maintains that the district court failed to support its legal conclusion with more than "general references" to the record. CA6 R. 14, Appellant Br., at 19. The reasons for the district court's holding, however, are clear. It found that: (1) there were at least five participants in the conspiracy; (2) Butler recruited at least one of those participants; and (3) the uncontested facts in the PSR "paint[ed] the picture" that Butler was "indeed an organizer or leader of the

conspiracy." DE 267, Sentencing Tr., Page ID 1647–48. Although Butler now protests that the district court should have walked through each of the facts underpinning these findings, the court was entitled to rely on the detailed and uncontested facts contained in the PSR. *See* Fed. R. Crim. P. 32(i)(3)(A); *United States v. House*, 872 F.3d 748, 751 (6th Cir. 2017) (observing that detailed factual findings "would have established a clearer record," but holding that "the court was under no obligation to do so since it expressly adopted" the PSR's uncontested facts).

2.

Butler next argues that the district court's decision to depart upward from his Guidelines range was procedurally and substantively unreasonable. He takes issue with both the explanation offered by the district court and the length of his resulting sentence. We review a district court's decision to upwardly depart in the same way we "judge the procedural and substantive reasonableness of a variance from any [G]uidelines range." *United States v. Erpenbeck*, 532 F.3d 423, 440 (6th Cir. 2008) (quoting *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008)). That is, we apply the familiar abuse-of-discretion standard. *Id.* (citing *Gall v. United States*, 552 U.S. 38, 46 (2007)).

a.

Butler contends that the district court committed procedural error by failing to adequately explain the basis for its departure. Under § 4A1.3, a district court may depart upward from a defendant's Guidelines range when "reliable information indicates that [his] criminal history category substantially under-represents the seriousness of [his] criminal history or the [risk or recidivism]." U.S.S.G. § 4A1.3(a)(1). Although a district court must "adequately explain why it has opted to depart," *United States v. Potts*, 947 F.3d 357, 371 (6th Cir. 2020), its explanation "generally need not be lengthy," *United States v. Wilms*, 495 F.3d 277, 280 (6th Cir. 2007), or

include a "rote listing or some other ritualistic incantation," *United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007). Instead, the aim of an explanation is to "allow for meaningful appellate review." *Gall*, 552 U.S. at 50.

Here, we have no trouble discerning the district court's rationale for its one-level upward departure. The district court observed that Butler had a "terrible criminal history[,] . . . rack[ing] up 18 criminal history points." DE 267, Sentencing Tr., Page ID 1669. To put that number in context, the district court explained that the highest criminal history category available under the Guidelines requires only thirteen points, effectively placing Butler in a "mythical Criminal History Category VII." *Id.* An upward departure, the court thus reasoned, was justified because "nothing seems to have deterred Mr. Butler up to now." *Id.* "[T]he public," it added, "needs to be protected from Mr. Butler." *Id.* at 1670. The district court also tied its discussion into the 18 U.S.C. § 3553(a) factors, emphasizing the nature and seriousness of Butler's offense, past lenient sentences, the need to promote respect for the rule of law, and the need for general and specific deterrence, among other factors. This was an adequate explanation. *See United States v. Grossman*, 513 F.3d 592, 595 (6th Cir. 2008) (stating that "district court judges are involved in an exercise of judgment, not a ritual").

b.

Butler lastly argues that his resulting 262-month sentence is substantively unreasonable. A sentence is substantively unreasonable if "the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conaster*, 514 F.3d 508, 520 (6th Cir. 2008). When reviewing a sentence for substantive reasonableness, we "take into account the totality of the circumstances," including the extent of any departure or variance from

a defendant's Guidelines range. *Gall*, 552 U.S. at 51. Although we apply a rebuttable presumption of reasonableness to within-Guidelines sentences, a sentence falling outside of the Guidelines is not similarly presumed unreasonable. *Id.*

Butler maintains that the district court placed excessive weight on his criminal history and the nature of his offense. The district court, however, reasonably weighed each of the § 3553(a) factors. After acknowledging Butler's contrition, the court emphasized that Butler had led a major drug-trafficking operation amidst an opioid epidemic and, based on his past recidivism, continued to pose a serious threat to the public. Butler's extensive criminal history, which the court discussed at length, also meant that a lesser sentence would provide inadequate specific and general deterrence, as well as erode respect for the law. It was reasonable for the district court to base Butler's above-Guidelines sentence on these considerations. *See, e.g.*, *Potts*, 947 F.3d at 372–73; *United States v. Griffin*, 530 F.3d 433, 441 (6th Cir. 2008). Although Butler argues that the district court failed to consider sentencing disparities with his co-defendants, § 3553(a) "is not concerned with disparities between . . . co-defendants." *United States v. Simmons*, 501 F.3d 620, 623 (6th Cir. 2007). And to the extent Butler disagrees with the tough-on-crime policies underlying his statutory sentencing range, the district court was not required to share his views.

We affirm.